USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 28 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

    - v. -

JUAN GABRIEL USUGA-NORENA,
    a/k/a "Miguel,"
EDUARDO ALEXANDRE DA PIEDADE VALENTIM,
    and MARGARITA CARMONA-RUBIO,

        Defendants.

- - - - - - - - - - - - - - - - - - - -x

INDICTMENT

S2 05 Cr. 135 (PKC)

## COUNT ONE

The Grand Jury charges:

1. From in or about 1992 through up to and including in or about April 2003, in the Southern District of New York and elsewhere, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

## Overt Acts

3.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or around 1996, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, arranged for co-conspirators not named herein to transport approximately 1,000 kilograms of cocaine to New Jersey.

b.   In or around 1996, co-conspirators transported approximately 1,000 kilograms of cocaine to a warehouse in Brooklyn, New York.

c.   In or about October 1998, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, arranged for co-conspirators not named herein to ship approximately 2,200 kilograms of cocaine from Colombia, which subsequently were seized by law enforcement officers in New Orleans, Louisiana.

d.   In or about June 1999, a co-conspirator not named herein stayed at a hotel in New York, New York, in connection with narcotics trafficking activities being conducted with JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, and other co-conspirators not named herein.

e.   In or about June 2000, and as part of a transaction coordinated by JUAN GABRIEL USUGA-NORENA, a/k/a

"Miguel," co-conspirators not named herein possessed multiple kilograms of cocaine for distribution from Venezuela to Portugal.

      f. In or about June 2000, EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendant, and co-conspirators not named herein received multiple kilograms of cocaine in Portugal.

      g. In or about August 2002, and while incarcerated in the Southern District of Florida, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, spoke with a co-conspirator not named herein regarding the collection of debts from prior narcotics shipments conducted during the course of the conspiracy.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4. From in or about 1992 through up to and including in or about April 2003, in the Southern District of New York and elsewhere, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated and agreed together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the said that JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendants, and others known and unknown,

-3-

unlawfully, intentionally, and knowingly would import from Colombia a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 952(a), 960(a)(1), and 960(b)(1)(A) of Title 21, United States Code.

      6. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a. In or around 1996, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, arranged for co-conspirators not named herein to transport approximately 1,000 kilograms of cocaine to New Jersey.

      b. In or around 1996, co-conspirators not named herein transported approximately 1,000 kilograms of cocaine to a warehouse in Brooklyn, New York.

      c. In or about October 1998, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, arranged for co-conspirators not named herein to ship approximately 2,200 kilograms of cocaine from Colombia, which subsequently were seized by law enforcement officers in New Orleans, Louisiana.

      d. In or about June 1999, a co-conspirator not named herein stayed at a hotel in New York, New York, in connection with narcotics trafficking activities being conducted

with JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, and other co-conspirators not named herein.

    e. In or about June 2000, and as part of a transaction coordinated by JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," co-conspirators not named herein possessed multiple kilograms of cocaine for distribution from Venezuela to Portugal.

    f. In or about June 2000, EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendant, and co-conspirators not named herein received multiple kilograms of cocaine in Portugal.

    g. In or about August 2002, and while incarcerated in the Southern District of Florida, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," the defendant, spoke with a co-conspirator not named herein regarding the collection of debts from prior narcotics shipments conducted during the course of the conspiracy.

    (Title 21, United States Code, Section 963.)


## COUNT THREE

The Grand Jury further charges:

7. From in or about 2000 up to and including in or about December 2003, in the Southern District of New York and elsewhere, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONIA-RUBIO, the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to

-5-

commit offenses against the United States, to wit, a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

8.  It was a part and an object of the conspiracy that JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONA-RUBIO, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, unlawfully, willfully and knowingly, conducted and attempted to conduct such financial transaction which in fact involved the proceeds of a specified unlawful activity, to wit, the distribution of narcotics in violation of Title 21, United States Code, Section 841 et seq., in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Overt Acts

9.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts were committed in the Southern District of New York:

a.  On or about July 22, 2002, a co-conspirator not named herein instructed an undercover law enforcement official to transfer $30,000 of narcotics proceeds from a Chase Manhattan bank account in New York, New York, held by law enforcement in an

undercover capacity (the "Undercover Bank Account") to a bank account held by JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONA-RUBIO, the defendants, with the account number 10950505-07 at Union Planters Bank in Hialeah, Florida.

     b.    On or about July 22, 2002, an co-conspirator not named herein instructed an undercover law enforcement official to transfer $30,000 from the Undercover Bank Account to a bank account held by MARGARITA CARMONA-RUBIO, the defendant, with the account number 0678003073789 at Suntrust Bank in Weston, Florida.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR

The Grand Jury further charges:

10.    From in or about 2000 up to and including in or about December 2003, in the Southern District of New York and elsewhere, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONA-RUBIO, the defendants, unlawfully, willfully and knowingly did engage in one and more monetary transactions in criminally derived property of a value that was greater than $10,000 and derived from specified unlawful activity, to wit, USUGA-NORENA and CARMONA-RUBIO engaged in numerous transactions with various financial institutions using the proceeds of narcotics trafficking activities.

(Title 18, United States Code, Section 1957(a).)

## FORFEITURE ALLEGATION WITH RESPECT TO COUNTS ONE AND TWO

11.  As a result of committing one or more of the controlled substance offenses alleged in Counts One and Two of this Indictment, JUAN GABRIEL USUGA-NORENA, a/k/a/ "Miguel," and EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including but not limited to the following:

a.  A sum of money equal to at least $100 million in United States currency, representing the amount of proceeds obtained as a result of the narcotics conspiracies charged in Counts One and Two of this Indictment, for which the defendants are jointly and severally liable, including but not limited to:

(i) approximately $17,300 in United States currency seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004;

(ii) approximately 110 items of jewelry seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004; and

        (iii) approximately 48 pieces of artwork seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004.

### Substitute Asset Provision

        b.  If any of the above-described forfeitable property, as a result of any act or omission of JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and EDUARDO ALEXANDRE DA PIEDADE VALENTIM, the defendants:

        (1) cannot be located upon the exercise of due diligence;

        (2) has been transferred or sold to, or deposited with, a third person;

        (3) has been placed beyond the jurisdiction of the Court;

        (4) has been substantially diminished in value; or

        (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of JUAN GABRIEL USUGA-NORENA, the defendant, up to the value of the above forfeitable property, including but not limited to:

        (i) Any and all right, title, and interest in the real property and appurtenances known as 3953 Osprey Court, Weston, Florida; and

(ii) Any and all right, title, and interest in the real property and appurtenances known as 5600 Thoroughbred Lane, Fort Lauderdale, Florida.

(Title 18, United States Code, Sections 982 and 1956; Title 21, United States Code, Sections 853 and 970.)

## FORFEITURE ALLEGATION WITH RESPECT TO COUNTS THREE AND FOUR

9. As the result of committing one or more of the money laundering offenses in violation of 18 U.S.C. §§ 1956 and 1957, as alleged in Counts Three and Four of this Indictment, JUAN GABRIEL USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONA-RUBIO, the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to:

a. A sum of money equal to $1.3 million in United States currency, in that such sum in aggregate is property which was involved in the money laundering offenses or is traceable to such property, for which the defendants are jointly and severally liable, including but not limited to:

(i) approximately $17,300 in United States currency seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004;

>          (ii) approximately 110 items of jewelry
> seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on
> or about October 13, 2004; and
>
>          (iii) approximately 48 pieces of artwork
> seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on
> or about October 13, 2004.

Substitute Asset Provision

>     b.   If any of the above-described forfeitable
> property, as a result of any act or omission of JUAN GABRIEL
> USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONA-RUBIO, the
> defendants:
>
>     (1) cannot be located upon the exercise of due
> diligence;
>
>     (2) has been transferred or sold to, or deposited
> with, a third person;
>
>     (3) has been placed beyond the jurisdiction of the
> Court;
>
>     (4) has been substantially diminished in value; or
>
>     (5) has been commingled with other property which
> cannot be subdivided without difficulty;
>
> it is the intent of the United States, pursuant to 21 U.S.C.
> § 853(p), to seek forfeiture of any other property of JUAN
> GABRIEL USUGA-NORENA, a/k/a "Miguel," and MARGARITA CARMONA-
> RUBIO, the defendants, up to the value of the above forfeitable
> property, including but not limited to:

>	(i) Any right, title, and interest in the real property and appurtenances known as 3953 Osprey Court, Weston, Florida; and
>
>	(ii) Any right, title, and interest in the real property and appurtenances known as 5600 Thoroughbred Lane, Fort Lauderdale, Florida.

(Title 18, United States Code, Sections 982 and 1956; Title 21, United States Code, Section 853.)

_____  4/28/05        _____
FOREPERSON                                       DAVID N. KELLEY
                                                 United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

JUAN GABRIEL USUGA-NORENA,
EDUARDO ALEXANDRE DA PIEDADE VALENTIM, and
MARGARITA CARMONA-RUBIO,

Defendants.

---

### True Bill

**SUPERSEDING**
**INDICTMENT**

S2 05 Cr. 135 (PKC)

(Title 21, United States Code, Sections 846 & 963; Title 18, United States Codetions 1956(h) & 1957.)

DAVID N. KELLEY
United States Attorney

_____  4/28/05
Foreperson.

4/25/05 - Fld. Superseding Indictment.
S2 05 Cr. 135 (PKC). Arrest Warrant
issued for Eduardo Alexandre Da Piedade Valentim.