USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-2-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :

         -v-                     :     STIPULATION AND FINAL
                                       ORDER OF FORFEITURE AS
JUAN GABRIEL USUGA-NORENA,       :     TO THE FORD LAUDERDALE
         a/k/a "Miguel,"               PROPERTY
and MARGARITA CARMONA-RUBIO,     :
                                       05 Cr. 135 (PKC)
                                 :
              Defendants.        :
- - - - - - - - - - - - - - - - - -x

        WHEREAS, on April 28, 2005, JUAN GABRIEL USUGA-NORENA and MARGARITA CARMONA-RUBIO (the "Defendants"), among others, were charged in a four count Superceding Indictment, S2 05 Cr. 135 (PKC) (the "Indictment"), with two counts violating the narcotics laws of the United States and two counts money laundering of narcotics proceeds, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), 952(a), 960(a)(1), and 960(b)(1)(A) and 18 U.S.C. § 1956(a)(1)(B)(i), and (h) and 1957(a); and

        WHEREAS, the Indictment contained two forfeiture allegations, pursuant to 18 U.S.C. § 982, 21 U.S.C. §§ 853 and 970, seeking criminal forfeiture of the following property involved in the money laundering offenses and all property traceable to such property, including but not limited to:

> (a) The sum of money equal to $1,300,000.00 in United States Currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property, for which the defendant are jointly and

1

>severally liable, including but not limited to the specific property listed as items (i) - (iii):
>
>>(i) Approximately $17,300 in United States Currency seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004;
>>
>>(ii) Approximately 110 items of jewelry seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004; and
>>
>>(iii) Approximately 48 pieces of artwork seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004; (collectively referred to hereafter as the "Indicted Assets")
>
>(b) The following two real properties are listed as substitute assets:
>
>>(i) All right, title, and interest held by the defendants in the real property and appurtenances known as 3953 Osprey Court, Weston, Florida (the "Weston Property"); and
>>
>>(ii) All right, title and interest held by the defendants in the real property and appurtenances known as 5600 Thoroughbred Lane, Fort Lauderdale, Florida (the "Fort Lauderdale Property");

WHEREAS, on August 18, 2005, the Government filed a Forfeiture Bill of Particulars providing notice of its intent to criminally forfeit the following additional real property:

>>(i) all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Baranca 27 Este, Casa de Campo, La Romana, Dominican Republic (the "DR Property");

WHEREAS, on or about October 4, 2006, JUAN GABRIEL USUGA-NORENA (hereinafter referred to as "USUGA") pled guilty to

Superceding Information S3, including one count violation of Section 5324 of Title 31, United States Code;

WHEREAS, on or about December 13, 2006, the United States and defendant USUGA entered into a Stipulation, which was so ordered by the Court, which provided the following:

1. Defendant USUGA was to sell the DR Property upon the Government's approval of the purchaser and the terms of the sale;

2. Defendant USUGA was to provide a check made payable to the United States Marshal's Service in the amount of $3 Million, from the proceeds of the sale of the DR Property, within 30 days from the date of the sale; and

3. Defendant USUGA consented to the entry of an Order of Forfeiture with respect to the $3 Million to the United States;

WHEREAS, on January 9, 2007, defendant USUGA was sentenced to time served, a three year term of supervised release with the special condition that the defendant pay the stipulated forfeiture money judgment in the amount of $3,000,000.00, and a fine in the amount of $267,708.00;

WHEREAS, on July 14, 2008, MARGARITA CARMONA-RUBIO (hereinafter defendant "CARMONA-RUBIO"), entered a plea of guilty to Superceding Information S4, including one count violation of structuring transactions with one or more domestic financial institutions for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), in violation of 18 U.S.C. §4;

3

WHEREAS, CARMONA-RUBIO, as part of her written plea agreement, agreed to forfeit any interest she has in the Indicted Assets, including but not limited to the artwork, jewelry, and money, seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, forfeiture of which shall be applied to the outstanding money judgment obligations of her husband, defendant USUGA;

WHEREAS, on December 1, 2008, defendant CARMONA-RUBIO was sentenced to a three year term of probation and a fine in the amount of $5,000; and

WHEREAS, USUGA was not able to sell the DR Property and had not been able to pay any funds towards his $3,000,000.00 forfeiture obligation;

WHEREAS, on February 25, 2009, a Stipulation and Consent Preliminary Order of Forfeiture was agreed to by the parties and ordered by the Court, which order provided for the forfeiture of the following assets:

    (i) Approximately $17,300 in United States Currency seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004;

    (ii) Approximately 110 items of jewelry seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004; and

    (iii) Approximately 48 pieces of artwork seized from 5600 Thoroughbred Lane, Fort Lauderdale, Florida, on or about October 13, 2004;

    (iv) All right, title and interest held by the defendants in the real property and appurtenances known as 5600 Thoroughbred

Lane, Fort Lauderdale, Florida; (collectively referred to hereafter as the "Defendant Property"). A copy of the Stipulation and Consent Preliminary Order of Forfeiture is attached hereto as Exhibit A and is fully incorporated by reference herein;

WHEREAS, on March 10, 2009, notice of the forfeiture action was sent by certified mail to George R. Goltzer, Esq., as counsel to the defendants, at 200 West 57th Street, Suite 900, New York, NY 10019. On March 17, 2009, notice was sent by certified mail to Susan M. Rosales, as counsel for Washington Mutual, at the Law Offices of Susan M. Rosales, 1900 S.W. 3rd Avenue, Miami, FL 33129, and to Home Loan Customer Service, P.O. Box 100579, Mail Stop: FSC0170, Florence, SC 29502-0576. On March 30, 2009, notice of the forfeiture action was sent to Andrew Pascale, Esq., as counsel for JP Morgan Chase Bank, N.A., at Shapiro & Fishman, LLP, 2424 North Federal Highway, Suite 360, Boca Raton, Florida 33431. Copies of the notice letters and certified mail receipts are attached hereto as Exhibit B;

WHEREAS, the provisions of 21 U.S.C. § 853 (n)(1), requires publication of notice of forfeiture and of the Government's intent to dispose of the defendant property before the United States can have clear title to the defendant property;

WHEREAS, notice of forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30

consecutive days, beginning on March 14, 2009, as required by Rule G(4)(a)(iv)(C) of the supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on April 21, 2009. A copy of the proof of publication is attached hereto as Exhibit C;

WHEREAS, on or about June 5, 2009, JP Morgan Chase (the "Claimant"), as the current mortgage holder on both the Weston Property and the Fort Lauderdale property filed a claim;

WHEREAS, the United States recognizes the interests of the Claimant as an innocent mortgage holder of the Weston Property and the Fort Lauderdale Property;

WHEREAS, the United States does not intend to seek the forfeiture of the Weston Property, did not include it in the Preliminary Order of Forfeiture as a forfeitable property, intends to file a release of lis pendens on the Weston Property, and will therefore, not file or oppose in any way a foreclosure proceeding commenced by the Claimant in the Circuit of the 17th Judicial District of Florida, Broward County;

WHEREAS, the United States and the Claimant have agreed to settle Claimant's mortgage interest in the Fort Lauderdale Property;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the plaintiff, United States of America, by its attorney Preet

Bharara, United States Attorney, Assistant United States Attorney Lisa P. Korologos; and Stephen E. Zaino, Esq., as counsel for JP Morgan Chase as follows:

1. All right, title and interest in the Fort Lauderdale Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to 21 U.S.C. § 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Fort Lauderdale Property.

3. The defendants shall vacate the Fort Lauderdale Property no later than September 14, 2009, and the United States Marshals Service ("USMS"), shall thereafter take possession of the and dispose of the same according to law, in accordance with 21 U.S.C. § 853 (h).

4. The United States and Claimant agree that upon sale of the Fort Lauderdale Property, and pursuant to this entry of the Final Order of Forfeiture, the United States, after payment of outstanding taxes and expenses of custody and sale incurred by the United States Marshals Service, will pay the Claimant the following amounts from the proceeds of said sale:

> a. All unpaid principal due to the Claimant (which, as of August 31, 2009 was $1,837,516.24), pursuant to the mortgage instrument (the "Mortgage Instrument"); and
>
> b. All escrow advances and unpaid interest at the base contractual rate (not the default rate) under the Mortgage Instrument, (which up to and

including August 31, 2009 was $91,634.44), plus accrued interest at the base contractual rate (not the default rate) after August 31, 2009, to the date of payment which accrues at a per diem rate of $274,41, exact amount to be finalized on the date of sale.

5. The United States Marshals Service is directed to satisfy the interests of the Claimant as described above at or about the time of the closing of the sale of the Fort Lauderdale property and prior to being able to recognize any net proceeds from the sale thereof;

6. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

7. Counsel and representatives below acknowledge that they are authorized to execute this stipulation on behalf of their clients.

8. The Clerk is hereby directed to send four certified copies of this Order to AUSA Lisa Korologos, at the U.S. Attorney's Office - S.D.N.Y., One St. Andrews Plaza, New York, NY 10007.

**AGREED AND CONSENTED TO:**

**PREET BHARARA**
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____     DATE 9/2/09
LISA P. KOROLOGOS
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
212-637-2406


JP MORGAN CHASE BANK N.A., Claimant

By: _____     DATE 9/2/09
STEPHEN E. ZAINO, ESQ.
Pittoni, Bonchonsky & Zaino, LLP
226 Seventh Street
Garden City, New York 11530
516-747-1400

**SO ORDERED:**

_____     9/2/09
HONORABLE P. KEVIN CASTEL           DATE
UNITED STATES DISTRICT COURT JUDGE